# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ALABAMA

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| V. | (For Offenses Committed On or After November 1, 1987) |
| **SHAWN RENEA CREEL** | CASE NUMBER: **1:09-CR-00238-001** |
| | USM NUMBER: **10835-003** |
| **THE DEFENDANT:** | Neil L. Hanley, Esquire |
| | **Defendant's Attorney** |

X  pleaded guilty to count(s)  4 of the Indictment on 2/18/2010  .
☐  pleaded nolo contendere to count(s) __ which was accepted by the court.
☐  was found guilty on count(s) __ after a plea of not guilty.

**ACCORDINGLY,** the court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count No.(s) |
|---|---|---|---|
| 21 USC § 841(c)(1) | Possession of a listed chemical with intent to manufactuer a controlled substance. | 06/12/2009 | 4 |

**The defendant is sentenced as provided in pages 2 through  6  of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.**

☐  The defendant has been found not guilty on count(s) __.

X  Counts  1,2 & 3   are dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

June 10, 2010  _____
Date of Imposition of Judgment

/s/  Callie V. S. Granade_____
UNITED STATES DISTRICT JUDGE

June 15, 2010_____
Date

Defendant: **SHAWN RENEA** CREEL
Case Number: **1:09-CR-00238-001**

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **EIGHTY-SEVEN (87) MONTHS**.

☐ Special Conditions:

☒ The court makes the following recommendations to the Bureau of Prisons: **That the defendant be imprisoned at an institution where a residential, comprehensive, substance abuse treatment program is available.**

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:
  ☐ at ____ a.m./p.m. on ____.
  ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
  ☐ before 2 p.m. on ____.
  ☐ as notified by the United States Marshal.
  ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

_____
_____
_____

Defendant delivered on _____ to _____ at _____
with a certified copy of this judgment.

    UNITED STATES MARSHAL

By _____
    Deputy U.S. Marshal

Defendant: **SHAWN RENEA** CREEL
Case Number: **1:09-CR-00238-001**

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of __3 years__ .

☒ **Special Conditions: 1) The defendant shall participate in a program of testing and treatment for drug and/or alcohol abuse as directed by the Probation Office; 2) The defendant shall participate in a mental health treatment program as directed by the Probation Office; 3) The defendant is prohibited from making major purchases, incurring new credit charges, or opening additional lines of credit without the approval of the Probation Officer, until such time as the financial obligations imposed by this court have been satisfied in full; 4) The defendant shall provide the Probation Office access to any requested financial information; and 5) The defendant shall make restitution as set forth on Sheets 5, Part A & 5, Part B of this Judgment.**

*For offenses committed on or after September 13, 1994:* The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

☐ The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable)
☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable)
☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable)
☒ **The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.**

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment. The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

**The defendant shall not commit another federal, state or local crime.**
**The defendant shall not illegally possess a controlled substance.**
**The defendant shall comply with the standard conditions that have been adopted by this court (Probation Form 7a).**
**The defendant shall also comply with the additional conditions on the attached page (if applicable).**

**See Page 4 for the
"STANDARD CONDITIONS OF SUPERVISION"**

Defendant: **SHAWN RENEA** CREEL
Case Number: **1:09-CR-00238-001**

# SUPERVISED RELEASE

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13) as directed by the probation officer, the defendant shall notify third-parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement;

14) the defendant shall cooperate, as directed by the probation officer, in the collection of DNA, if applicable, under the provisions of 18 U.S.C. §§ 3563(a)(9) and 3583(d) for those defendants convicted of qualifying offenses.

Defendant: **SHAWN RENEA** CREEL
Case Number: **1:09-CR-00238-001**

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **Totals:** | $100.00 | $ | $3,473.62 |

☐ The determination of restitution is deferred until ____. An Amended Judgment in a Criminal Case (AO 245C) will be entered after such a determination.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below. (or see attached) However, pursuant to 18 U.S.C. § 3644(i), all non-federal victims must be paid in full prior to the United States receiving payment.

X The defendant shall make restitution (including community restitution) to the following payees in the amounts listed below.

| Name(s) and Address(es) of Payee(s) | *Total Amount of Loss | Amount of Restitution Ordered | Priority Order or % of Payment |
|---|---|---|---|
| DEA Headquarters 8701 Morrissette Drive Springfield, VA 22152 Appropriation No: DJDEA-HQ-06-0008-B Control No: L2-2006-4016 Invoice No: 868 | Attn: Betty Myers Section 8701 DEA Case No: GQ-06-S003 | $3,437.62 | |

**TOTALS:** $ $3,437.62

X If applicable, restitution amount ordered pursuant to plea agreement. **$ 3,437.62**

☐ The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for default, pursuant to 18 U.S.C. § 3612(g).

X The court determined that the defendant does not have the ability to pay interest and it is ordered that:

X The interest requirement is waived for the ☐ fine and/or X restitution.

☐ The interest requirement for the ☐ fine and/or ☐ restitution is modified as follows:

**\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.**

Defendant: **SHAWN RENEA** CREEL
Case Number: **1:09-CR-00238-001**

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

**A**  ☒  Lump sum payment of $ 3,537.62  due immediately, balance due

  ☐ not later than _____ , or  ☒ in accordance with ☐ C, ☐ D, ☐ E or ☒ F below; or

**B**  ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, ☐ E or ☐ F below); or

**C**  ☐ Payment in _____ (e.g., equal, weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D**  ☐ Payment in _____ (e.g., equal, weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E**  ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to ay at that time; or

**F**  ☒ Special instructions regarding the payment of criminal monetary penalties: **Restitution is due immediately and payable in full, and is to be paid through the Clerk, U.S. District Court. If full restitution is not immediately paid, any amount owing during a period of incarceration shall be subject to payment through the Bureau of Prison's Inmate Financial Responsibility Program. As a special condition of supervised release, the Probation Office shall pursue collection of any balance remaining at the time of release in installments to commence no later than 30 days after the date of release. If restitution is to be paid in installments, the court orders that the defendant make at least minimum monthly payments in the amount of $50.00. It is ordered that no interest is to accrue on this debt due to defendant's limited financial resources. The defendant is ordered to notify the court of any material change in her ability to pay restitution. The Probation Office shall request the court to amend any payment schedule, if appropriate.**

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are to be made to the clerk of court, unless otherwise directed by the court, the probation officer, or the United States attorney.

The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

☒  **Restitution is to be paid jointly and severally with James Bauman, CR-06-50-1, and Heather Kountz, CR-07-112-1**.
☐  The defendant shall pay the cost of prosecution.
☐  The defendant shall pay the following court cost(s):
☐  The defendant shall forfeit the defendant's interest in the following property to the United States:

**Payments shall be applied in the following order: (1) assessment; (2) restitution principal; (3) restitution interest, (4) fine principal; (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.**